IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernardo Ford, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Lt. Bates; C/O Jonson; L. Newcombe, Health Administrator; A. Julian, Health Administrator; and M. Taylor, M.D.; <br><br> Defendants. | C/A No. 4:23-cv-3631-SAL <br><br><br> **ORDER** |

Plaintiff Bernardo Ford, Jr., a federal prisoner, proceeding pro se, filed this case pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1999). [ECF No. 7.] In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. This matter is before the court on a Report and Recommendation (the "Report") issued by Magistrate Judge Thomas E. Rogers, III, recommending that this action be dismissed with prejudice and without issuance and service of process.

## BACKGROUND

Initially, the complaint in this case was filed by a group of federal prisoners housed at the Federal Correctional Institution ("FCI") in Edgefield, South Carolina. This case was broken out so that Plaintiff could pursue the claims that pertained only to him. [ECF Nos. 1, 2.] On August 7, 2023, Plaintiff was advised that his case was deficient in many respects, and he was given the opportunity to amend his complaint. [ECF No. 5.] On September 6, 2023, Plaintiff filed an amended complaint. [ECF No. 7.]

1

On September 14, 2023, the magistrate judge issued his Report recommending summary dismissal of Plaintiff's claims against Defendants because Plaintiff failed to state a *Bivens* claim under the Eighth Amendment or otherwise allege a recognized *Bivens* claim. [ECF No. 14 at 3–5.]  Plaintiff was advised of his right to file objections to the Report, and he did so on October 12, 2023.  [ECF No. 16.]

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  In response to a recommendation, any party may serve and file written objections.  *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)).  The district court then makes a de novo determination of those portions of the Report to which an objection is made.  *Id.*  To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection.  *Id.*  (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).  If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim.  *Elijah*, 66 F.4th at 460.  Objections need not be novel to be sufficiently specific.  *Id.*  Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation."  *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report. In summation, Petitioner argues his constitutional rights have been violated because he is having heart problems, and he has been taken to a hospital for treatment and monitoring, but he has not been able to get all of the tests done that he believes are needed. Plaintiff alleges he is being seen by a doctor at FCI-Edgefield, but that doctor is not a cardiologist. Plaintiff further alleges there is mold and other debris in the vents where he is housed. *See* ECF Nos. 7, 14.

As pointed out in the Report, *Bivens* claims are available on very limited grounds. [ECF No. 14 at 4.] And,

> [a]s to Plaintiff's allegations regarding a specialist and more tests as to his heart and generally alleging "medical negligence" and allegations of receiving medical care just not his preferred manner of care, mere negligence, mistake or difference of medical opinion in the provision of medical care to prisoners do not rise to an Eighth Amendment deprivation under the Estelle standard.

*Id.* at 4. (citing *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977); *Lee v. Downs*, 470 F. Supp. 188, 192 (E.D. Va. 1979); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.")). As to Plaintiff's

allegations of mold and clogged vents, the magistrate judge found *Bivens* had not been extended to such claims. [ECF No. 14 at 4–5.]

Plaintiff's objections are quite short. He argues,

### STATEMENT OF FACTS

(1) Comes now Bernardo E. Ford, Jr. #90066-083 and has been imposed unto a major violation constitutional bill right's amendment, 14th due process of law and Equal Protection of law; and Civil Rule P. 28 USC 1915(A) 1915(C) (2) Liberty interest "the Purpose of due process is generally not to keep the government from— doing certain thing altogether but rather to keep it from acting in an arbitrary and unfair matter when it's a requirement by law and Professional (under) Civil rules P. <28 USC 1915(A) 1915(C)> and civil cases standards and Law: review Exhibit A and order of the court;

### RELIEF

Come's now, Bernardo E. Ford, Jr. #90066-083 and Bernardo E. Ford Jr. #90066-083 seeking all state's under Exhibit -A- B P 8 and all other Exhibits A.

[ECF No. 16 at 1–2.] To his objections, Plaintiff attached a copy of the factual summary he provided in his complaint and copies of multiple orders from this court. [ECF No. 16-1 at 2–7.] He also attached a request for administrative remedy that he apparently submitted in October 2021 regarding COVID-19 and his diagnosed asthma. [ECF No. 16-1 at 8.]

Plaintiff does not identify any error in the Report. As excerpted above, Plaintiff cites the constitution and other federal statutes and laws, but he does not offer how any of his citations refute the findings and law set forth in the Report. *See Elijah*, 66 F.4th at 460 ("'Just as a complaint stating only "I complain" states no claim, an objection stating only "I object" preserves no issue for review.'" (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Additionally, even to the extent the court were to broadly construe Petitioner's attachment of the factual basis for his claims as a restatement of those claims requiring de novo review of the Report, the court agrees with the conclusion reached by the Report. That is, Plaintiff alleges various claims against

4

Defendants under *Bivens*. But the claims themselves do not establish that he has a cause of action under *Bivens*. While *Bivens* has been extended to Eighth Amendment claims in a limited context, *see Carlson v. Green*, 446 U.S. 14 (1980), Plaintiff's claims do not rise to the level of an Eighth Amendment deprivation, *see* ECF No. 14 at 4. *See also Bulger v. Hurwitz*, 62 F.4th 127, 138 (4th Cir. 2023) ("To be sure, the claim authorized in *Carlson* was an Eighth Amendment claim. However, the Supreme Court has made clear that courts should not interpret *Carlson* to apply outside the precise context at issue in that case, noting that even claims challenging the adequacy of medical care may involve the same 'right and . . . mechanism of injury' as in *Carlson* but still present 'different' contexts." (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 138 (2017))). Further, *Bivens* has not been extended to conditions-of-confinement claims. And, for those reasons, the court reaches the same conclusion reached by the Report. Plaintiff's objections are overruled.

## CONCLUSION

The court has thoroughly reviewed the record and the applicable law. For the reasons stated above, the court adopts the Report, ECF No. 14, and incorporates it by reference herein. As a result, this matter is **DISMISSED** with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

May 3, 2024                                                     Sherri A. Lydon
Columbia, South Carolina                                United States District Judge